## BLACK et al. v. AMIS LUMBER & WRECKING CO.

### No. 11745.

Court of Civil Appeals of Texas. Dallas.
June 15, 1935.

Rehearing Denied July 13, 1935.

McCraw & Clark and Jack Keller, all of Dallas, for plaintiffs in error.

J. W. Randall, of Dallas, for defendant in error.

BOND, Justice.

In taking submission of this case in the absence of filed briefs, rather than dismissing it for want of prosecution, this court is called upon only to determine fundamental errors, if any, apparent of record; so, after a careful review of this record, we are convinced that no such errors appear calling for the reversal of the cause. The record discloses that the judgment rendered by the trial court fully meets the pleadings and evidence; thus the action of the lower court should be affirmed.

The plaintiffs in error presented, on the day of submission, their motion to postpone hearing to enable them to file a brief. The record was filed in this court on January 4, 1934, cause was set for submission on April 10, 1935, to be heard June 8, 1935, and the plaintiffs in error given due notice thereof by the clerk of this court. In their application for postponement, the plaintiffs in error only show reasons for the delay in filing of their brief covering the last preceding three weeks, and none whatever is presented to show why the brief was not filed prior thereto.

Ordinarily, we are not inclined to dismiss a cause, depriving a litigant of substantial rights, because of some discretionary procedural statute or rule of court having been violated or not complied with. In this case, we feel that, in view of the record, plaintiffs in error have not been deprived of a substantial right by our consideration of the appeal, in the absence of a brief. To permit cases to be postponed or the submission continued, to enable litigants to file briefs, without sufficient excuse for the derelict in not doing so within the time required, would, we think, be extending the discretionary pow-

ers of this court entirely too far, especially where the record reveals, as in this case, that no excuse is shown, that no fundamental error appears, and that no substantial injustice has been done by the trial court.

The motion to postpone submission is overruled, and the case is affirmed on the record.